UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NICKOLAS A. MELLS,**

    **Plaintiff,**

v.                                                                           Case No.: 8:16-cv-310-T-23AAS

**CHRISTINE WEIZMANN and**
**FLORIDA DEPARTMENT OF**
**REVENUE,**

    **Defendants.**

_____/

## **ORDER**

Nickolas A. Mells seeks to proceed in this action *in forma pauperis*. (Doc. 5).

The court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the court must review the case and dismiss it sua sponte if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Here, Mr. Mells failed to provide the necessary affidavit to proceed *in forma pauperis*. A party seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all the assets he possesses, as well as any financial obligations. *See* 28 U.S.C. § 1915(a). Here, Mr. Mells submitted a handwritten motion without an affidavit listing any assets he owns or any

financial obligations. (*See* Doc. 5). Therefore, the court will defer ruling on Mr. Mells's motion for leave to proceed *in forma pauperis*. The required affidavit is attached to this order and is also available on the court's website at https://www.flmd.uscourts.gov/forms/forms_policies.htm. Mr. Mells must submit the affidavit by **January 26, 2018**.

Next, the court determines whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such suit. While the court holds complaints in pro se actions to less stringent pleading standards, pro se plaintiffs remain subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

To start, Mr. Mells's complaint fails to comply with Federal Rule of Civil Procure 10(a) as it is unclear against whom Mr. Mells is bringing his cause of action. In the caption of his complaint, Mr. Mells lists Christine Weizmann and the Florida Department of Revenue ("the Department") as the defendants. (Doc. 1, p. 1). But, in the body of his complaint, Mr. Mells claims that the Florida Department of Revenue has no standing on behalf of Christine Weizmann. (*Id.*). Federal Rule of Civil Procedure 10(a) requires that the title of the complaint include the names of all parties. In amending his complaint, Mr. Mells must include only the names of the parties against whom he intends to bring his cause of action.

Mr. Mells's complaint also fail to comply with Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While Mr. Mells included the case number to which his current cause of action relates, he has not provided any details about the case showing he is entitled to relief. Moreover, Mr. Mells's complaint does not comply with Federal Rule of Civil Procedure 10(b),

which requires a plaintiff to state his claims in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). Mr. Mells must ensure that his amended complaint complies with the Federal Rules of Civil Procedure.

Turning to the substance of his claims, Mr. Mells alleges a violation of his constitutional right to due process. Since he claims a violation of his constitutional rights, and one of the possible defendants appears to be a state entity, the Court assumes that Mr. Mells seeks to assert a cause of action under 42 U.S.C. § 1983. The relevant portion of Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A plaintiff alleges an actionable Section 1983 claim if his complaint includes facts showing that his constitutional or federal rights were violated, and that the violation was committed by a person acting under color of state law. *See Touchston v. McDermott*, 234 F.3d 1133, 1137 (11th Cir. 2000). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), or when he "makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951). Here, Mr. Mells claims that his due process rights were violated when he was prevented from seeing all the evidence in his state court case. (Doc. 1, p. 1).

Both the Fifth and Fourteenth Amendments prohibit the deprivation of an individual's life, liberty, or property without due process of law. *See* U.S. Cons. amends. V, XIV. Because his complaint does not comply with the Federal Rules of Civil Procedure, the Court is unable to

determine if Mr. Mells brings his claims under the Fifth or the Fourteenth Amendment. Therefore, the Court will analyze Mr. Mells's claims under both amendments.

The Fifth Amendment, in relevant part, states: "No person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. However, the Fifth Amendment protects a citizen's rights from being violated by the federal government, not state government officials. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (citation omitted). Here, neither of the defendants appear to be a federal official or entity. Therefore, Mr. Mells cannot state a Section 1983 claim for a Fifth Amendment violation by these defendants.

The Fourteenth Amendment provides that no State "shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment's Due Process Clause provides two types of constitutional protection: substantive due process and procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A plaintiff claiming a violation of procedural due process must show that (1) he had a life, liberty, or property interest of which he was deprived by state action, and (2) he did not receive sufficient process regarding that deprivation. *See Ross v. Clayton Cnty.*, 173 F.3d 1305, 1307 (11th Cir. 1999). The substantive due process component of the Fourteenth Amendment protects individual liberty against "certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citation omitted). Generally, to prevail on a substantive due process violation claim, the plaintiff must show that a defendant's conduct "shocks the conscience." *Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1375 (11th Cir. 2002) (citation omitted). "Suppression by the prosecution of evidence favorable to an accused upon request

4

violates due process where the evidence is material either to guilt or to punishment . . . ." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Here, it is unclear whether Mr. Mells is making a procedural or substantive due process claim. Regardless, Mr. Mells failed to provide any facts showing how he was denied evidence that was material to either a showing of guilt or punishment. By failing to provide, as required by Rule 8(a), short and plain statements of fact showing he is entitled to relief, Mr. Mells's claims, as currently pleaded, fail to rise to the level of a Fourteenth Amendment claim.

Even if Mr. Mells could state claims against these defendants, the issue of immunity is a difficult bar for Mr. Mells to pass if he intends to sue the Florida Department of Revenue. Under the Eleventh Amendment, states are immune from suit in federal court in most circumstances. *See Hans v. Louisiana*, 134 U.S. 1 (1890). This immunity extends to "arms of the state." *See, e.g.*, *Hess v. Port. Auth. Trans-Hudson Corp.*, 513 U.S. 30 (1994). Determining whether an entity is an "arm of the state" requires four factors: (1) how state law defines the entity; (2) what degree of control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity. *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003). Here, if Mr. Mells intends to sue the Department, he must either show that it is either not an "arm of the state" or that some other exception applies that allows him to sue the Department. Otherwise, the Court will have to dismiss his claim.

Despite the complaint's shortcomings, the Court will allow Mr. Mells to amend his complaint in an effort to cure the current deficiencies. Mr. Mells's amended complaint must comply with the Federal Rules of Civil Procedure. The pleading must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Unless Mr. Mells provides short and plain statements of fact

supporting his claims, the Court will have to recommend his case be dismissed.[1] Mr. Mells's deadline to file an amended complaint is **January 26, 2018**.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) The Court **DEFERS RULING** on Mr. Mells's construed Motion For Leave to Proceed *In Forma Pauperis* (Doc. 5) pending the filing of an affidavit of indigency and amended complaint;

(2) on or before **January 26, 2018**, Mr. Mells must file an affidavit of indigency and an amended complaint. The amended complaint must invoke this Court's jurisdiction, state an actionable claim, and comply with the Federal Rules of Civil Procedure;

(3) Mr. Mells's failure to timely file an affidavit and amended complaint will result in a recommendation of dismissal; and

(4) In light of paragraphs 1–3 above, Mr. Mells's Motion for Extension of Time to Serve Defendants (Doc. 6) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on this 2nd day of January, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. on the 2nd floor (next to the Clerk's Office) of the Sam M. Gibbons United States Courthouse, 801 North Florida Ave, Tampa, Florida 33602. Through that program, pro se litigants may consult with a lawyer on a limited basis for free. More information about the program is available on the Court's website at www.flmd.uscourts.gov/pro_se/docs/pro-seLegal_Assist.htm. Mr. Mells is encouraged to utilize this resource in pursuing the claims in this action.