UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICKOLAS A. MELLS,

    Plaintiff,

v.                                                    Case No. 8:16-cv-310-T-23AAS

CHRISTINE WEIZMANN and
FLORIDA DEPARTMENT OF
REVENUE,

    Defendants.
_____/

### ORDER

The Florida Department of Revenue (Department) moves to quash Nickolas Mells's service of process and dismiss this action for lack of personal jurisdiction. (Doc. 17). Because Mr. Mells failed to properly serve the Department, the motion to quash service of process is **GRANTED**.

I.    BACKGROUND

Mr. Mells began this suit alleging a constitutional due process violation by Christine Weizmann and the Department. (Doc. 1). After the undersigned granted him two opportunities to amend his complaint to conform with the Federal Rules of Civil Procedure, the undersigned granted Mr. Mells's motion to proceed *in forma pauperis*. (Doc. 12). In that order, the undersigned directed Mr. Mells to complete and return the "Summons in a Civil Action" forms to the Clerk. (*Id.*).

1

Mr. Mells requested an extension of time to file the summons, which the undersigned granted. (Docs. 13, 14). Mr. Mells then returned an incomplete summons and USM-285 to the Clerk. The undersigned accordingly ordered Mr. Mells to file completed summonses and USM-285 forms. (Doc. 15). Mr. Mells complied with the order and the U.S. Marshals served the Department. (Doc. 16, 18). The Department moved to quash Mr. Mells's service of process. (Doc. 17). After the undersigned directed Mr. Mells to respond to the Department's motion, Mr. Mells submitted his response in opposition. (Docs. 19, 20).

## II. ANALYSIS

The plaintiff is responsible for serving the summons and complaint on the defendant. Fed. R. Civ. P. 4. The plaintiff must serve a state or state-created governmental organization defendant by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). The chief executive officer, or head, of the Department of Revenue is the Florida Governor and his Cabinet. Fla. Stat. § 20.21(1) (2018); *Jewel v. Fla. Dept. of Revenue*, No. 8:16-CV-2120-T-36JSS, 2017 WL 700653, at *2 (M.D. Fla. Feb. 22, 2017).[1] Therefore, a plaintiff who wishes to sue the Department of

---

[1] The procedural history in *Jewel* also included a ruling on the defendant's motion to quash. *Jewel v. Fla. Dept. of Revenue*, No. 8:16-CV-2120-T-36JSS, 2017 WL 1155460 (M.D. Fla. Mar. 28, 2017). Cases like *Jewel* are usually available in online

Revenue must serve the Florida Governor and his Cabinet to comply with Rule 4(j)(2)(A).

Alternatively, under Florida law, when suing the Department of Revenue, process must be served on the executive director of the Department. Fla. Stat. § 48.111(3). Therefore, a plaintiff could also serve the executive director of the Department of Revenue to comply with Rule 4(j)(2)(B).

Pro se litigants must follow the Federal Rules of Civil Procedure, including those governing service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The burden is on the plaintiff to establish proper service of process when challenged. *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. Sept. 25, 2005) (citation omitted).

Mr. Mells failed to serve the chief executive officer of the Department—Governor Rick Scott and his Cabinet. Mr. Mells also failed to serve the executive director of the Department—Leon M. Biegalski.[2] Mr. Mells instead served Bobby Henigsmith, a revenue administrator at the Department. (Doc. 18). Therefore, Mr. Mells failed to properly serve the Department and the Department's motion to quash service of process is granted.

---

legal databases, like Westlaw. The Polk County Law Library offers free access to these legal databases to the public. The Polk County Law Library is located at 225 North Broadway Avenue, Bartow, FL 33830, and can be reached at 863-534-4013.

[2] Florida Department of Revenue, *Leadership*, FloridaRevenue.com, http://floridarevenue.com/opengovt/Pages/leaders.aspx (last visited Aug. 21, 2018).

Without proper service of process, the court has no personal jurisdiction over a defendant. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Because Mr. Mells failed to properly serve the Department of Revenue, the court has no personal jurisdiction over the Department.

If a defendant is not served within 90 days after the plaintiff's complaint is filed, the court must dismiss the action without prejudice or order the plaintiff to serve the defendant within a specified time. Fed. R. Civ. P. 4(m). The court may extend the time for service of process even if the plaintiff fails to establish good cause for improperly serving the defendant. *Lepone–Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

Because Mr. Mells demonstrated due diligence in following the court's orders in returning a completed summons and USM-285 form, he will be given another opportunity to serve the Department properly. *In forma pauperis litigants* are entitled to rely on the U.S. Marshals to serve the defendant. *Fowler v.* Jones, 899 F.2d 1088, 1095 (11th Cir. 1990). That said, it is incumbent on Mr. Mells to properly advise the U.S. Marshals Service whom should be served and at what address. Mr. Mells must ensure the address he lists on his summons and USM-285 form is the correct address to serve the chief executive officer of the Department—Governor Scott and his Cabinet—or the executive director of the Department—Leon Biegalski.

### III. CONCLUSION

Mr. Mells failed to properly serve the chief executive officer of the Department of Revenue or its executive director. As a result, the court has no personal jurisdiction over the Department. Therefore, it is **ORDERED** as follows:

1. The Department's motion to quash service of process (Doc. 17) is **GRANTED**.

2. Mr. Mells must properly complete and return the "Summons in a Civil Action" form[3] and USM-285 form[4] to the Clerk within fourteen days, at which point the U.S. Marshals Service is directed to serve the summons and second amended complaint (Doc. 11) on the Department of Revenue.

**ORDERED** in Tampa, Florida, on August 21, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[3] Available at http://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/summons-civil-action. If Mr. Mells has no internet access, he may obtain the form by contacting the Clerk's Office at 813-301-5400.

[4] Available at https://www.usmarshals.gov/process/usm285.htm.