UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICKOLAS A. MELLS,

    Plaintiff,

v.                                        CASE NO. 8:16-cv-310-T-23AAS

CHRISTINE WEIZMANN, et al.,

    Defendants.
_____/

## **ORDER**

Appearing *pro se*, Nickolas Mells, sues (Doc. 11) the Florida Department of Revenue and Christine Weizmann to "reverse" a state court's registration of a foreign child-support order. The Florida Department of Revenue moves (Doc. 27) to dismiss for lack of subject-matter jurisdiction and requests (Doc. 27 at 3) judicial notice of state-court filings mentioned in the complaint. Because the filings are in the public record, judicial notice is permissible under Rule 201(b), Federal Rules of Evidence.

### **Background**

In 1993 Weizmann "listed" Mells as the father of Weizmann's child. (Doc. 11 at ¶ 1) In January 1994, a German court ordered Mells to pay Weizmann child support. (Doc. 27-5 at 1) Later in 1994, Mells moved from Germany to Texas, and in 1995, "the State Texas . . . contacted [Mells] about being [the] father of

[Weizmann's] son." (Doc. 11 at ¶¶ 2–3)  Later, Mells moved from Texas to Florida. (Doc. 11 at ¶ 4)

In late 2014, the Florida Department of Revenue sued Mells in the Tenth Judicial District in Polk County to register in Florida the German child-support order.  (Doc. 11 at ¶¶ 4–5; Doc. 27-2)  Mells objected (Doc. 27-3) in state court to registration and argued both that the state court lacked jurisdiction because Mells "does not live in Polk county" and that the German child-support order is invalid because "a blood test has not been register."  (Doc. 27-3)  A January 23, 2015 "Notice of Final Hearing" schedules for February 27, 2015, a hearing on Mells's objection to registration of the German child-support order.  (Doc. 27-4)  According to the findings of a state-court hearing officer, Mells failed to attend the objection hearing, and the hearing officer recommended that the state court overrule Mells's objection and register the German child-support order.  (Doc. 27-5 at 5)  A March 6, 2015 "Final Order on Registration" (Doc. 27-5) adopts the hearing officer's recommendation and registers the German child-support order, that is, the German child-support order "became" an order of the state court.  (Doc. 27-5 at 1)  Mells appealed the registration order, and on November 13, 2015, the Second District Court of Appeal "affirmed" in a one-word per curiam opinion.  (Doc. 27-6)  Mellss sought review in the Supreme Court of Florida.  On January 6, 2016, the Supreme

Court of Florida, in a one-sentence opinion, dismissed (Doc. 27-7) for lack of jurisdiction.[1]

One month later, Mells sued (Doc. 1) the Florida Department of Revenue and Weizmann in federal district court to "appeal" the state court's registration of the German child-support order. With leave (Docs. 7, 10), Mells twice amended (Docs. 8, 11) the complaint. Although hand-written and largely incomprehensible, the three-page second amended complaint appears to allege that Mells's "substantive due process right was violated" because Mells never received notice of the February 27, 2015 objection hearing, notice which was sent to Mells's "old address." (Doc. 11 at 2) Also, Mells argues that the registration order is invalid because "no test to prove paternity was ever taken." (Doc. 11 at 2) The sole relief requested is that the federal district court "reverse" the registration order. (Doc. 11 at 2) Although Mells sues the Florida Department of Revenue and Christine Weizmann, Mells asserts no claim against either defendant and merely attacks the state-court judgment. The Florida Department of Revenue moves (Doc. 27) to dismiss for lack of subject-matter jurisdiction. Christine Weizmann was never served and does not appear.

---

[1] The appeal was likely dismissed because the Supreme Court of Florida lacks jurisdiction to review an "unelaborated" per curium affirmance. *Jackson v. State*, 926 So. 2d 1262 (Fla. 2006); *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980).

## Subject-Matter Jurisdiction

*Rooker-Feldman* excludes from the subject-matter jurisdiction of a federal district court "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (holding that *Rooker-Feldman* excludes jurisdiction "where a party in effect seeks to take an appeal of an unfavorable state-court decision.") A claim invites district court review or rejection of a state-court judgment if the claim "was either (1) one actually adjudicated by a state court or (2) one 'inextricably intertwined' with a state-court judgment." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286 (11th Cir. 2018). A claim is "inextricably intertwined" if the claim "asks to 'effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.'" *Target*, 881 F.3d at 1286 (quoting *Casale v. Tillman*, 588 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)). A claim is not "inextricably intertwined" if the plaintiff lacked a "reasonable opportunity" to assert the claim in state court. *Target*, 881 at 1286.

In this circumstance, *Rooker-Feldman* excludes subject-matter jurisdiction. Mells is a "state-court loser[]" because the state court overruled Mells's objection and registered the German child-support order. Mells "complain[s] of injuries caused by [the] state-court judgment[]," that is, the obligation to pay child support in Florida.

- 4 -

The March 6, 2015 registration order and the resolution of both state-court appeals "w[ere] rendered before the district court proceedings commenced." Finally, Mells's claim expressly "invit[es] district court review and rejection of [a state-court] judgment[]" because Mell's sole request for relief is that the federal district court "reverse" the registration order. *Auburn Med. Ctr., Inc. v. Cobb*, 567 F. Supp. 2d 1333, 1338 (M.D. Ala. 2008) (Thompson, J.) ("[The plaintiff] is unabashed in its request that this court review the state-court decisions . . . [and] that this court reject the state-court decision . . . ; in short, [the plaintiff] is asking that this court do what Rooker-Feldman plainly prohibits, that is, . . . [to] overturn an injurious state-court judgment.") *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008) (holding that *Rooker-Feldman* excluded jurisdiction because the plaintiff "specifically asked the district court to 'overturn'" and to "'reverse'" a state-court judgment).

Mells argues that he lacked a "reasonable opportunity" to challenge the registration order because Mells allegedly never received notice of the objection hearing. (Doc. 30 at 3) However, Mells's state-court objection (Doc. 27-3 at 1) shows that Mells could — and did — assert the same objections in state court that Mells asserts in federal court. (Doc. 27-3 at 1; Doc. 11 at 1-3) "If the plaintiff actually did assert a particular claim in state court but complains in federal court that he . . . did not have a reasonable opportunity to *fully litigate* that claim in state court, . . . *Rooker-Feldman* doctrine bars federal jurisdiction . . . [and] the plaintiff's proper course . . . is to appeal the state court's judgment through the state-court system and

then to seek review by the [U.S.] Supreme Court." *Moore's Federal Practice*, § 133.33[2][e] (2018) (emphasis in original); *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) ("[I]f the plaintiff believes that the [state court] did not give . . . a reasonable opportunity to pursue a claim, the proper course of action is to appeal the judgment through the state-court system and then to seek review . . . from the U.S. Supreme Court.") Mells argument that he received inadequate notice of the objection hearing is, in effect, an argument that he was unable to litigate his objection fully in state court. Mells's recourse was to appeal to the District Court of Appeal and to seek review in the Supreme Court of Florida. Although those efforts proved unsuccessful, *Rooker-Feldman* bars Mells from "appealing" to the federal district court.

Also, Mells appears to claim that the state court lacked personal jurisdiction. However, the second amended complaint contains no allegation that Mells has insufficient contact with Florida or that service of the state-court complaint was ineffective. Rather, Mells merely argues that he received inadequate notice of the February 27, 2015 objection hearing. (Doc. 11 at 2) Because "'state courts are competent to determine their own jurisdictional boundaries'" and because Mells could — and did — object in state court to personal jurisdiction, *Rooker-Feldman* bars review. *Flatau v. Sherman Fin. Grp. LLC*, No. 5:14 cv-245, 2015 WL 8773299, at *4 (M.D. Ga. Dec. 14, 2015) (Treadwell, J.) (quoting *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003)). Further, the Eleventh Circuit "[has] not yet recognized an

- 6 -

exception to *Rooker-Feldman* doctrine in cases where the state court that issued the underlying state court judgment lacked jurisdiction." *Ware v. Polk Cty. Bd. of Cty. Comm'rs*, 394 F. App'x 606, 609 (11th Cir. 2010); *see also Schmitt*, 324 ("If a state court had violated constitutional jurisdictional limits, [the plaintiff] could have brought that up with the [U.S.] Supreme Court after exhausting his state court remedies.")

Because Mells's appeal to the Second District Court of Appeal and to the Supreme Court of Florida failed, Mells requests a federal district court to entertain an "appeal" to "reverse" the registration order. Mells's "continued insistence that his federal case is actually an 'appeal' of the state court . . . proceeding makes clear that this is the type of case precluded by the *Rooker-Feldman* doctrine." *Lindsay v. Adoption by Shepherd Care, Inc.*, 551 F. App'x 528, 529 (11th Cir. Jan. 7, 2014). The motion (Doc. 27) to dismiss is **GRANTED**, and the action is **DISMISSED** for lack of subject-matter jurisdiction. The clerk is directed to terminate any pending motion and to close the case.

ORDERED in Tampa, Florida, on February 26, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE